

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2008

# USA v. Marrero

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Marrero" (2008). *2008 Decisions.* Paper 994.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/994

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 07-2599

—————

UNITED STATES OF AMERICA

v.

CARLOS AYALA MARRERO,

Appellant

—————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 04-00032-3)
Honorable Maurice B. Cohill, District Judge

—————

Submitted under Third Circuit LAR 34.1(a)
June 10, 2008

BEFORE:  AMBRO, CHAGARES, and GREENBERG, Circuit Judges

(Filed: June 20, 2008)

—————

OPINION OF THE COURT

—————

GREENBERG, Circuit Judge.

This matter comes on before the Court on Carlos Ayala Marrero's appeal from an

order entered in the District Court on May 18, 2007, revoking a term of supervised release

imposed on him and sentencing him to an 11-month term of imprisonment to be followed

by a 24-month term of supervised release. The District Court imposed the original term of supervised release to follow the service of a custodial term when Marrero pleaded guilty to stealing firearms from a federally licensed firearms dealer in violation of 18 U.S.C. §§ 922(u) and 924(h)(1). While Marrero was on supervised release following the completion of his custodial term he was using illegal drugs. As a result his probation officer on April 5, 2007, filed a Petition on Supervised Release setting forth Marrero's violations of the conditions of supervised release and requesting that the court order him to show cause why his term should not be revoked. On April 9, 2007, the District Court issued the requested order to show cause.

At the hearing on the return date of the order to show cause on May 16, 2007, Marrero admitted to using controlled substances and to other violations of the conditions of supervision. Consequently, the court revoked his term of supervised release and imposed the new custodial term to be followed by the period of supervised release that we set forth above. Marrero's sole contention on this appeal is that the custodial 11-month term was unreasonable. He does not contend that he did not violate the terms of his supervised release and he does not challenge the imposition of the new term of supervised release. The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's sentence for reasonableness. See United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007).

We see nothing unreasonable in the sentence. The guidelines range was five to 11

2

months. Thus, the sentence was within the guidelines range and, as we indicated in United States v. Cooper, 437 F.3d 324, 331 (3d Cir. 2006), was "more likely to be reasonable than one that lies outside" the range. In this case Marrero repeatedly violated the terms of his supervised release and thus the court was justified in imposing the sentence.

The order of May 18, 2007, will be affirmed.